NO. 7396

MRS ISABELLA STROUDBACK

VS

MAX SINGER ET AL,

STATE OF LOUISIANA

COURT OF APPEAL

PARISH OF ORLEANS.

7396

St. Paul, Judge.

The decision in this case hangs upon the sufficiency of, or necessity for, a certain putting in default.

Plaintiff agreed to purchase certain real property from defendant, and when she delayed taking title, he undertook to put her in default by giving her written notice to appear before a certain notary, on a certain day and at a certain hour, when he would be prepared to execute a title to the property.

It is in evidence that defendant appeared at the time and place designated, and that plaintiff did not. But it is also in evidence that defendant though willing was not ready to execute the deed.

For the evidence shows that the notary designated by him had never been directed to prepare, and had not in fact prepared, any deed to the property, or received or applied for anyone of the half dozen certificates required by law or custom; 11 An 741, 11 Ia 581-587. 6 Rob 324, 16 An 321.

Under the circumstances there was no such formal putting in default as authorized defendant to forfeit the deposit put up by plaintiff, and which she now seeks to recover (defendant having meanwhile sold the property at an advance in price).

On the other hand there is no evidence that plaintiff ever waived or made unnecessary such default by peremtorily refusing to accept title to the property or formally abandoning her deposit. It is true that she was anxious to recede from her purchase if in so doing she could get back her deposit; but the evidence satisfies us that rather than lose her deposit she would have complied with her agreement, and that her failure to appear at the notary's office at the time designated was the result of misunderstanding.

We think the trial judge was correct in ordering her deposit restored.

Judgment Affirmed

New Orleans La, December 9th, 1918.